IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARKLEY GARDNER, | : | CIVIL ACTION NO. **3:CV-10-0717** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN B. A. BLEDSOE, U.S. BUREAU OF PRISONS, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background**.

On April 5, 2010, Petitioner Barkley Gardner, an inmate at USP-Lewisburg, filed his second Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner attached exhibits to his habeas petition. Petitioner also simultaneously filed an accompanying Memorandum. (Doc. 2). Petitioner paid the filing fee. (Doc. 6).

In his present habeas petition, Petitioner Gardner essentially raises the same claim as he did in his prior habeas petition, Civil No. 07-1788, namely, that "the Order of restitution is a judicial function that the sentencing court impermissibly delegated to the Bureau of Prisons in violation of 18 U.S.C. [§] 3664(F)(2) and the laws of the United States." (Doc. 1, p. 4). Named as sole

---

[1]*See Gardner v. Williamson,* Civil No. 07-1788, M.D. Pa.
As this Court held in Petitioner Gardner's Civil No. 07-1788 habeas case, since Petitioner is challenging the execution of his federal sentence, his present case is properly brought under § 2241. (Civil No. 07-1788, Doc. 12, p. 5, n. 1). *See also O'Neal v. Levi*, 551 F.Supp.2d 379, 385 (E.D. Pa. 2008) (citations omitted).

Respondent is B. A. Bledsoe, the Warden at USP-Lewisburg. (Doc. 1).[2] The Habeas Petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Reynolds v. Martinez*, 2008 WL 5104890, * 1 (M.D. Pa.).[3]

Based on our discussion below, we find Petitioner Gardner's instant habeas petition should be dismissed as a successive or second petition for which he did not have permission from the Third Circuit Court of Appeals to file.

---

[2]Petitioner named the correct Respondent since he is presently confined at USP-Lewisburg and Bledsoe is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[3]In *Reynolds v. Martinez*, 2008 WL 5104890, *2 (M.D. Pa.), the Court stated:

> Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...."

(Citations omitted).

2

## II. Discussion.

In *Reynolds v. Martinez*, 2008 WL 5104890, *2, the Court stated:

> Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 provides:
>
> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
>
> 28 U.S.C. § 2244 authorizes dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." *McCleskey v. Zant,* 499 U.S. 467, 483, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Specifically § 2244 states in relevant part:
>
>> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255....
>>
>> 3(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In his prior Petition for Writ of Habeas Corpus (Civil No. 07-1788) filed by Petitioner Gardner on October 1, 2007, pursuant to 28 U.S.C. § 2241, he claimed that the Bureau of Prisons ("BOP") exceeded its authority by setting his restitution payment schedule under the FRP. Petitioner requested that this Court direct the BOP to remove him from "FRP Refuse" status, to enjoin the BOP from sanctioning him for refusing to participate in the FRP, and to direct the BOP

to refrain from establishing a restitution payment schedule for him with respect to his Eastern District of North Carolina criminal sentence. (Civil No. 07-1788, Doc. 1, p. 4).

In Petitioner Gardner's Civil No. 07-1788 case, we initially issued a Report and Recommendation ("R&R") on October 25, 2007, in which we recommended that the District Court summarily dismiss his Habeas Corpus Petition under Rule 4. (Civil No. 07-1788, Doc. 9). The District Court did not adopt our R&R. (Civil No. 07-1788, Doc. 22). The District Court stated:

> Under the MVRA, the court [in *U.S. v. Corley,* 500 F.3d 210, 225 (3d Cir. 2007)] concluded, the sentencing judge was now required to consider a defendant's finances in ordering restitution. *Id.* If the sentencing court had knowledge that a defendant "could not make immediate payment in full, it was required under § 3664(2) to set a different schedule of payments." *Id.* To do otherwise, the court found, would constitute an impermissible delegation of the court's responsibility. *Id.*

(Civil No. 07-1788, Doc. 12, p. 6).

The District Court concluded:

> From the petition, we cannot determine what information about petitioner's financial resources was before the district court at the time of sentencing, nor do we have a clear statement of the terms under which plaintiff's (sic) [petitioner's] restitution was to be paid during his incarceration. If, however, the district court left to the BOP to determine the amount and schedule of payments to be made by petitioner despite knowledge that petitioner could not make immediate full restitution, the court did not follow the dictates of the MVRA. *See Corley*, 500 F.3d at 227 (finding that when a court orders "immediate" payment of restitution with knowledge that the defendant cannot make full restitution, such orders "are indistinguishable in principle from outright delegations of authority to the Bureau of Prisons."). As a result, we will sustain the petitioner's objection and remand the case to the magistrate judge with instructions to serve the petition and determine whether the sentencing court improperly

4

>    delegated responsibility for the terms of restitution to prison
>    officials or to take other appropriate action.

(*Id.*, pp. 6-7).

Pursuant to the District Court's directions in Civil No. 07-1788, we then issued a Show Cause Order and directed Respondents to respond to the Petitioner Gardner's first Habeas Corpus Petition. On February 5, 2008, Respondents filed their Response. (Civil No. 07-1788, Doc. 18).[4] Petitioner filed his Traverse on February 12, 2008 (Civil No. 07-1788, Doc. 19), in which he argued that Respondents did not respond to the District Court's issues raised in its January 8, 2008 Memorandum. On February 19, 2008, Petitioner filed a Motion to Amend his Traverse, with an attached "Statement of Reasons" page from his Eastern District of North Carolina Judgment and Commitment Order ("J&C"). (Civil No. 07-1788, Doc. 20). On February 25, 2008, we granted Plaintiff's Motion to Amend and provided Respondents with ten (10) days to respond to Petitioner's additional argument. (Civil No. 07-1788, Doc. 21). Respondents filed their Supplemental Response on March 10, 2008. (Civil No. 07-1788, Doc. 22).[5]

In their Supplemental Response, Respondents stated that they tried to respond to the District Court's above-stated issues in their initial Response, but they represented that they "could not ascertain with certainty what financial information was before and relied upon by the sentencing judge [of the United States District Court for the Eastern District of North Carolina] . . ." (Civil No.

---

[4]Petitioner attaches a copy of Respondents' Response in his Civil No. 07-1788 case to his instant habeas petition. (Doc. 1, Civil No. 10-0717).

[5]Petitioner did not respond to Respondents' Supplemental Response in his Civil No. 07-1788 case, but he had the opportunity to oppose their request for a transfer contained therein by filing objections to our Report and Recommendation.

5

07-1788, Doc. 22, p. 2). Respondents requested that this Court transfer Petitioner's Civil No. 07-1788 case to the more convenient forum, *i.e.*, the sentencing court, United States District Court for the Eastern District of North Carolina. (Civil No. 07-1788, Doc. 22, p. 2).

On March 17, 2008, in Petitioner Gardner's Civil No. 07-1788 case, we issued an R&R and recommended that Respondents' request to transfer his Habeas Corpus Petition to the United States District Court for the Eastern District of North Carolina be granted. On April 14, 2008, the District Court issued an Order and stated that "[t]he interests of judicial efficiency and economy would best be served by transferring the case ... [to the Eastern District of North Carolina]." (Civil No. 07-1788, Doc. 26).

Petitioner's Civil No. 07-1788 habeas case was then transferred to the United States District Court for the Eastern District of North Carolina and it was docketed there to Civil No. 08-2050. On May 13, 2008, the United States District Court for the Eastern District of North Carolina issued a 5-page Order and denied Petitioner Gardner's habeas petition and dismissed his case.[6]

In its May 13, 2008 Order, the United States District Court for the Eastern District of North Carolina stated, "Petitioner [Gardner] is challenging the [BOP's] authority to set a schedule for the payment of his restitution." The United States District Court for the Eastern District of North Carolina then denied Petitioner Gardner's habeas petition on the merits and stated as follows:

---

[6]Petitioner attaches a copy of the May 13, 2008 Order of United States District Court for the Eastern District of North Carolina to his present habeas petition, Doc. 1, Civil No. 10-0717, M.D. Pa. Petitioner also attaches a copy of the sentencing transcript dated March 11, 2006, from his criminal conviction in the United States District Court for the Eastern District of North Carolina to his present habeas petition.

Petitioner's claim that the Bureau of Prisons exceeds its authority by setting restitution payment schedules is without merit. A sentencing court may not delegate its authority to set the amount and timing of fines to the Bureau of Prisons. *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996). However, the Fourth Circuit has held that when a fine or other financial obligation is due immediately, respondent's use of the IFRP program to collect an inmate's court-imposed monetary obligation does not violate *Miller*. *See Coleman v. Brooks*, 133 Fed.App'x 51, at * 1 (4th Cir. 2005) (unpublished). Where the court orders payment due immediately, it sets the required amount and timing for payment criminal monetary penalties. *See e.g. U.S. v. Caudle*, No. 07-4325, 2008 WL 110945, at * 4 (4th Cir. Jan. 10, 2008) (per curiam). Moreover, participation in IFRP does not violate the standard set forth in *Miller*. *Id*. The IFRP is a voluntary program which allows prisons to withhold prisoner's wages for payment of court-ordered monetary obligations, and does not violate due process. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002).

In this case, the court set the amount and timing of Petitioner's criminal fines and other monetary penalties by ordering that the $20,000 restitution be paid immediately. *See* 18 U.S.C. § 3572(d)(2). Whereas here the court did not establish monthly installments or a date certain for payment of the restitution, those payments are due immediately. *See* 18 U.S.C. § 3572(d)(1). The immediate payment is generally interpreted to require payment to the extent that Petitioner can make it in good faith, to begin at once. *Coleman*, 133 Fed. App'x, at * 2. Thus, the IFRP affords Petitioner a way to make payments toward his monetary penalty, but nowhere in the order does the court require Petitioner to pay his restitution in this way and therefore it has not delegated its responsibility. Based on this reasoning, the BOP is properly using the IFRP to collect Petitioner's restitution. *See id*.

To the extent Petitioner claims that his compelled participation in the IFRP program violates his constitutional rights, this claim is also without merit. Compelling Petitioner to participate in this program is neither punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. *See Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990). Moreover, a number of courts that have addressed the issue, have upheld the IFRP against constitutional attack on due process grounds. *See Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989).

(*See* May 13, 2008 Order, pp. 4-5, of United States District Court for the Eastern District of North Carolina attached to Petitioner 's second habeas petition, Doc. 1, Civil No. 10-0717, M.D. Pa.

In his present Memorandum, Doc. 2, p. 1, Civil No. 10-0717, Petitioner states that his new habeas petition "is predicated on a direct attack on the illegal delegation of judicial authority incorporated in the Judgement and sentence of restitution, which was had in the United States District Court for the Eastern District of North Carolina." Petitioner also states that "his restitution is a judicial function that can only be enforced by the sentencing court, not by the [BOP]". (*Id*.). Petitioner then states the background of his prior habeas petition and how this Court transferred his prior case to United States District Court for the Eastern District of North Carolina. Petitioner further states that his prior habeas petition was denied by United States District Court for the Eastern District of North Carolina on May 13, 2008, and that "[o]n the basis of this denial the Petitioner files this instant Petition and states that he is entitled to relief ... ." (*Id*., pp. 2-3).

Thus, Petitioner indicates that he is raising the exact same claim which was denied on its merits by the United States District Court for the Eastern District of North Carolina on May 13, 2008, but he seems to contend that he can file a second habeas petition raising this same claim in United States District Court for the Middle District of Pennsylvania since his first habeas petition was denied and since the District Court for the Middle District of Pennsylvania found in his Civil No. 07-1788 that he stated a cognizable habeas claim. Simply because the Court for the Eastern District of North Carolina found no merit to Petitioner's claim and denied his first habeas petition does not allow him to now re-assert this same claim in the Court for the Middle District of Pennsylvania without permission from the Third Circuit, regardless of whether the Court for the Middle District

8

of Pennsylvania previously found Petitioner stated a cognizable claim based on Third Circuit precedent.

We find that Petitioner's second habeas petition, Doc. 1, Civil No. 10-0717, M.D. Pa., should be dismissed as a successive habeas petition because it contains the same issue as his prior habeas petition which was denied on its merits by the United States District Court for the Eastern District of North Carolina on May 13, 2008.

We acknowledge that *res judicata* does not apply to habeas petitions. Rather, courts rely upon the equitable nature of habeas corpus to preclude application of strict rules of *res judicata*. See *Schlup v. Delo*, 513 U.S. 298, 317-319 (1995). *See also Potts v. Zant*, 638 F.2d 727 (5th Cir. 1981)(claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule of 28 U.S.C. § 2244(a)).

In *Hart v. Warden, FCI Schuylkill*, Civ. Docket 3:CV-09-0192, slip op. pp. 3-5 (M.D. Pa. April 30, 2009) (Conaboy, J.), the Court outlined the requirements for dismissal of a successive petition, stating:

> 28 U.S.C. § 2244(a) and Rule 9 of the Rules Governing Section § 2254 Cases in the United States District Courts, as made applicable to 28 U.S.C. by Rule 1, set forth the authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts.
>
> Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." *McCleskey v. Zant*, 499 U.S. 467, 483 (1991). § 2244 provided:
>
>> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new

> ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in *McCleskey* expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.
>
> *McCleskey*, 499 U.S. at 489.

In relevant part, section § 2244(a) now provides:

> No Circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section § 2255.

However, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of § 2244 are applicable to § 2241 habeas petitions brought by federal prisoners. See *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that the restrictions on successive petitions found in 2244, "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ" and applying those principles to an original petition filed under 28 U.S.C. § 2241; *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (holding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (dismissing § 2241 petition as successive pursuant to 2244); *Byrd v. Gillis*, 199 WL 698157, at *1 (E.D. Pa. 1997) (applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under § 2241).

See Doc. 8-3, *Hart v. Warden, FCI Schuylkill*, Civ. Docket No. 3:09-CV-0192 (M.D. Pa. April 30, 2009) (Conaboy, J.); *Jennings v. BOP*, 2009 WL 1181221, *3 (M.D. Pa.); *Solomon v. Holt*, 2010 WL 480857 (M.D. Pa.).

In his instant § 2241 habeas petition, Petitioner Gardner again claims that the BOP cannot enforce his Eastern District of North Carolina criminal restitution order, and he again claims that he is attacking "the illegal delegation of judicial authority incorporated in the Judgement and sentence of restitution." Petitioner again states that "his restitution is a judicial function that can only be enforced by the sentencing court." It is apparent from the present habeas petition and Brief that Petitioner's instant claim that the BOP does not have authority to set his restitution payment schedules was previously raised by Petitioner and addressed on its merits by the United States District Court for the Eastern District of North Carolina on May 13, 2008, in his first habeas petition, *Gardner v. Williamson*, Civ. No. 5:08-CV-2050 (E.D. N.C. 2006).

As the Court stated in *Jennings*, "Petitioner does not provide any substantive argument as to why it would be appropriate for this Court to consider a claim which has already been presented to another federal district court. Petitioner fails to show that his instant [habeas] claims fall within the statutory exceptions outlined above or that he has been granted leave to file a second or successive habeas corpus petition." 2009 WL 1181221, *4.

In *King v. Fed. BOP*, 285 Fed. Appx., 2, 4 (3d Cir. 2008), the Third Circuit stated:

> "[the 28 U.S.C. § 2244(b)] 'gatekeeping' provision generally does not apply to petitions for habeas relief filed pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Zayas v. INS,* 311 F.3d 247, 255 (3d Cir.2002). Instead, second or successive § 2241 petitions are governed by the "abuse of the writ" doctrine. *Id.* at 256-58."

As stated, Petitioner Gardner previously filed a § 2241 habeas petition which this Court transferred to the United States District Court for the Eastern District of North Carolina. On May 13, 2008, the United States District Court for the Eastern District of North Carolina denied the

11

Petitioner's first habeas petition on the merits and dismissed it pursuant to 28 U.S.C. § 2243. Petitioner Gardner is now attempting to re-assert his same claim in a second habeas petition he filed with the Middle District of Pennsylvania which should be dismissed based on the "abuse of the writ" doctrine.

Thus, based on the record in the present case, including the May 13, 2008 Order issued by the Court for the Eastern District of North Carolina, we find that the exact same claim raised by Petitioner Gardner in his instant habeas petition was already decided on the merits and dismissed by the Court for the Eastern District of North Carolina. Petitioner fails to show that his instant claim falls within any of the statutory exceptions outlined above, and there is no indication that Petitioner was granted leave to file a second or successive petition by the United States Court of Appeals for the Third Circuit. Therefore, we will recommend that the Court dismiss Petitioner Gardner's instant § 2241 habeas petition with prejudice as a successive petition pursuant to the "abuse of the writ doctrine."  See *O'Neal v. Levi, supra*; *Queen v. Fed. BOP*, 179 Fed. Appx. 838 (3d Cir. 2006).

**III. Recommendation.**

For the reasons set forth above, we respectfully recommend that Petitioner Gardner's Habeas Petition (Doc. 1) be dismissed as a successive § 2241 petition pursuant to the "abuse of the writ doctrine."

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: May 7, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARKLEY GARDNER, | : | CIVIL ACTION NO. **3:CV-10-0717** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN B. A. BLEDOSE, U.S. BUREAU OF PRISONS, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **May 7, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                        <u>**s/ Thomas M. Blewitt**</u>
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: May 7, 2010**