# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARKLEY GARDNER,** | : | No. 3:10cv717 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **WARDEN B. A. BLEDSOE, U.S.P.** | : | |
| **LEWISBURG, and UNITED STATES** | : | |
| **BUREAU OF PRISONS,** | : | |
| Respondents | : | |

## MEMORANDUM

Before the court is the petitioner's objection (Doc. 9) to Magistrate Judge Thomas M. Blewit's report and recommendation (Doc. 8) which proposes that we dismiss the petition for a writ of habeas corpus. At this preliminary review stage, the petition has not been served upon the respondents. Accordingly, the matter is ripe for disposition.

## BACKGROUND

Petitioner Barkley Gardner ("Petitioner") filed this second petition for a writ of habeas corpus (Doc. 1) on April 5, 2010. The petition states that Gardner was convicted in the United States District Court for the Eastern District of North Carolina on March 11, 1997 and sentenced to life imprisonment. (Id. at 3). He was ordered to pay restitution in the amount of $20,000.00, due and payable immediately. (Id. at 34). The United States Court of Appeals for the Fourth Circuit affirmed Gardner's conviction and sentence on August 9, 2002. (Id. at 3) Petitioner contends that "the Order of Restitution is a judicial function that the sentencing court impermissibly delegated to the Bureau of Prisons in violation of 18 U.S.C. [§] 3664(f)(2) and the laws of the United States." (Id. at 4).

Petitioner filed his first petition for a writ of habeas corpus pursuant to section 2241 on October 1, 2007. (No. 3:07cv1788, Pet. (Doc. 1)). In that petition, the Petitioner claimed that the Bureau of Prisons ("BOP") exceeded its

authority by setting his restitution payment schedule under the Inmate Financial Responsibility Program ("IFRP"). (Id.) Petitioner requested that this court (1) direct the BOP to remove him from "IFRP Refuse" status, (2) enjoin the BOP from sanctioning him, and (3) direct the BOP not to establish a restitution payment schedule for him. (No. 3:07cv1788, Pet. at 4 (Doc. 1)). Ultimately, on April 14, 2008, we transferred the case to the United States District Court for the Eastern District of North Carolina since that court had sentenced Petitioner and would be in a better position to know what financial information was relied upon when ordering restitution, as required by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664(f)(2) and United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007). (No. 3:07cv1788, Memorandum and Order of April 14, 2008 (Doc. 26)).

On May 13, 2008, the Eastern District of North Carolina denied Petitioner's petition for a writ of habeas corpus and dismissed his case. (No. 5:08cv2050, Order of May 13, 2008).[1] The court cited Coleman v. Brooks, 133 Fed. App'x 51, at *2 (4th Cir. 2005) for the proposition that "immediate payment is generally interpreted to require payment to the extent that Petitioner can make it in good faith, to begin at once." The court noted that it did not delegate its authority in violation of United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996) because it "set the amount and timing of Petitioner's criminal fines and other monetary penalties by ordering that the $20,000 restitution be paid immediately." (Id. at 4).

Regarding the instant petition, the magistrate judge recommends that we dismiss the petition as successive. The magistrate judge found that Petitioner raises the same claim which the Eastern District of North Carolina previously

---

[1] A copy of the order of the Eastern District of North Carolina is attached to Petitioner's petition at page 21. (Doc. 1).

denied on the merits. The magistrate judge notes that Petitioner was not granted leave from the United States Court of Appeals for the Third Circuit to file a second or successive petition. Accordingly, the magistrate judge recommends that we dismiss the petition as a successive petition under the "abuse of the writ" doctrine. See Zayas v. INS, 311 F.3d 247, 256-58 (3d Cir. 2002).

Petitioner objects to the report and recommendation. (Doc. 9). Petitioner argues that his first petition was based on the denial of administrative remedies by the BOP and "was an attack against the illegal sanctioning of Petitioner Barkley Gardner for refusing to participate in the [IFRP]." (Id. at 2). The instant petition, according to Petitioner, is leveled against the sentencing court and "attacks the judgment and sentence of restitution" for failing to adhere to the MVRA. (Id.)

Petitioner also objects to the report's finding that the Eastern District of North Carolina addressed the merits of his previous habeas corpus petition. (Id. at 3). He claims that the court did not address whether the IFRP violates the MVRA. (Id.) He claims that the court did not consider his financial resources, earnings, or dependants, which was the purpose of transferring his first petition to the Eastern District of North Carolina. (Id.)

**JURISDICTION**

As this case was brought pursuant to 28 U.S.C. § 2241, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[2]

---

[2] Section 2241 is the proper vehicle for Petitioner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

3

**LEGAL STANDARD**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

For those portions of the report and recommendation to which no objections have been filed, we must determine whether a review of the record evidences plain error or manifest injustice. See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Habeas corpus petitions brought under section 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). Rule 4 is applicable to section 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004), as made applicable to 28 U.S.C.

§ 2241 cases by Rule 1, provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

28 U.S.C. § 2244 authorizes dismissal of a successive habeas petition that does not present a new ground which has not yet been presented or determined. See McCleskey v. Zant, 499 U.S. 467, 483 (1991). Specifically section 2244 states in relevant part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255.
>
> . . . .
>
> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Having examined Petitioner's objections to the magistrate judge's report and recommendation, we will adopt the report and recommendation. The instant petition qualifies as a second or successive petition which raises no new grounds for relief. We acknowledge Petitioner's claim that the United States District Court for the Eastern District of North Carolina, in denying his first petition, did not address the merits of whether the court had considered his financial ability to make an immediate restitution payment of $20,000.00, however the proper review of that claim is provided by the United States Court of Appeals for the Fourth Circuit, not through a second petition for a writ of habeas corpus with this court. Though the Petitioner may not agree with the determination of the Eastern District of North Carolina, for purposes of Rule 9

5

of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004), it is clear that a determination has been made, rendering the instant petition successive.  Therefore, in accordance with 28 U.S.C. § 2244, as interpreted by McCleskey v. Zant, 499 U.S. 467, 483 (1991), we will dismiss the petition.

**CONCLUSION**

For the foregoing reasons, we will overrule Petitioner's objection, adopt the report and recommendation, and dismiss the petition for a writ of habeas corpus.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BARKLEY GARDNER,**<br>　　　　**Petitioner**<br><br>　　　v.<br><br>**WARDEN B. A. BLEDSOE, U.S.P. LEWISBURG, and UNITED STATES BUREAU OF PRISONS,**<br>　　　　**Respondents** | No. 3:10cv717<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this __**11th**__ day of June 2010, upon consideration of the petitioner's objection to the report and recommendation, it is HEREBY **ORDERED** that:

　　1) Petitioner's objection (Doc. 9) to the report and recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 8) is **OVERRULED**;

　　2) the report and recommendation is **ADOPTED**; and

　　3) the petition for a writ of habeas corpus is **DISMISSED**.

The Clerk of Court is directed to close this case.

　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　**s/ James M. Munley
　　　　　　　　　　　　　　　　JUDGE JAMES M. MUNLEY
　　　　　　　　　　　　　　　　United States District Court**